**Opinion issued October 21, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00088-CR

_____

**ANTOLIN URQUIZA OROZCO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 21st District Court
Washington County, Texas
Trial Court Case No. 19820

## MEMORANDUM OPINION

Appellant Antolin Urquiza Orozco pleaded no contest to two counts of possession of a controlled substance. Under count 1, Orozco was charged with possession of tetrahydrocannabinol other than marihuana in an amount of one gram or more but less than four grams, a third-degree felony. *See* TEX. HEALTH AND

SAFETY CODE § 481.116(c). Under count 2, he was charged with a possession of psylocibin in an amount of four grams or more but less than 400 grams, a second-degree felony. *See id.* § 481.116(d). After a pre-sentencing hearing, the trial court signed judgments of conviction and sentenced Orozco to five years' and eight years' imprisonment in the Correctional Institutions Division of the Texas Department of Criminal Justice, with the sentences to run concurrently. Appellant timely filed a notice of appeal.

Orozco's appointed counsel filed a motion to withdraw, along with a supporting brief, stating the record presents no reversible error and requesting permission to withdraw from his representation of Orozco under *Anders v. California*, 386 U.S. 738 (1967). Because we find no meritorious substantive issues after an independent review of the record, we affirm the trial court's judgment as modified and grant counsel's motion to withdraw.

### Discussion

Counsel filed an *Anders* brief stating he has complied with all *Anders* requirements and requesting he be allowed to withdraw from his representation of Orozco. Counsel states that in his professional opinion that after reviewing the record, no arguable grounds for reversal exist and thus any appeal of the trial court's judgment and sentence would lack merit and be frivolous. *See id.* at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no

pet.). Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and explaining why, after careful review of the record, he is unable to advance any grounds of error warranting reversal. *See Anders*, 386 U.S. at 744; *Mitchell*, 193 S.W.3d at 155. The State waived its right to file a response and Orozco did not file a *pro se* brief in response to the *Anders* brief.[1]

In *Anders*, the United States Supreme Court held that "the responsibility to determine whether an appeal is frivolous in nature lies with the appellate court—not with the attorney of record." *Garner v. State*, 300 S.W.3d 763, 765–66 (Tex. Crim. App. 2009). Thus, we must independently decide whether the present appeal raises any meritorious "arguable grounds" for review. *Id.* at 767. If we determine that arguable grounds for appeal exist, we must "remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). If, on the other hand, we conclude the appeal is frivolous, we may issue an opinion affirming the trial court's judgment and explaining that, after reviewing the record, we find no

---

[1] Counsel includes with his brief a letter he sent to Orozco providing him with copies of the motion to withdraw and the *Anders* brief. In the letter, he advised Orozco of his right to file a *pro se* response to the brief and to review the trial court record at no cost, and he provided Orozco with the form required to obtain a free copy of the record and this Court's mailing address. He also stated he provided a copy of the appellate record to Orozco. Finally, he advised Orozco of his right to file a petition for discretionary review in the Court of Criminal Appeals should he fail to obtain relief from this Court.

3

reversible error. *Id.* at 826–27. Orozco may challenge that holding by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *Id.* at 827 & n.6.

After conducting an independent review of the record on appeal, we agree with counsel that there is no reversible error in the record, there are no arguable grounds for review, and the appeal from Orozco's conviction is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is frivolous); *Garner*, 300 S.W.3d at 767 (noting that reviewing court must determine whether arguable grounds for review exist); *Bledsoe*, 178 S.W.3d at 826–27 (same); *Mitchell*, 193 S.W.3d at 155 (noting that reviewing court determines whether arguable grounds exist by reviewing entire record).

**Costs and Restitution**

Although there is no reversible error in the record, there is non-reversible error in the judgment that warrants reformation. During the punishment hearing, after pronouncing Orozco's sentence, the trial court stated, "There will be no fine or court costs in this matter." The trial judge further stated, "I've waived all costs and fees." The oral pronouncement did not include an imposition of restitution. However, the judgment in count 1 imposes court costs of $290 and restitution of $180.

"[A]ppellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (citing *Getts v. State*, 155 S.W.3d 153, 155 (Tex. Crim. App. 2005) (affirming appellate court's reformation of trial court's judgment in *Anders* case). "[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998); *see Van Flowers v. State*, 629 S.W.3d 707, 711 (Tex. App.— Houston [1st Dist.] 2021, no pet.) (noting judgments can be modified "to make the record speak the truth" to correct errors with respect to court costs and fees and conflicts between trial court's oral pronouncement of punishment and written judgment, among other things); *Jimenez v. State*, No. 11-22-00205-CR, 2023 WL 3872633, at *2 (Tex. App.—Eastland June 8, 2023, no pet.) (mem. op., not designated for publication) (holding in *Anders* case that conflict between oral pronouncement and written judgment was non-reversible error, and affirming judgment as modified). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in [the] trial court; we may act sua sponte and may have a duty to do so." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.— Texarkana 2009, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex.

App.—Dallas 1991, pet. ref'd)). Given the variation between the trial court's oral pronouncement waiving costs and the written sentence imposing costs, we hold modification is warranted to delete the costs imposed from the written judgment.

With respect to restitution, we note that the trial court did not orally pronounce the restitution award on the record, nor was there evidence elicited supporting restitution. Thus, it was error for the written judgment to include a restitution award. *See Weir v. State*, 278 S.W.3d 364, 366–67 (Tex. Crim. App. 2009) (noting that restitution is punitive and punitive measures must be included in oral pronouncement of sentence); *Gonzalez v. State*, No. 02-17-00373-CR, 2019 WL 983699, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, pet. ref'd) (mem. op., not designated for publication) (modifying judgment to delete restitution award because "the trial judge did not verbally pronounce the restitution award on the record, nor is there any evidence supporting the awarded amount"); *Smith v. State*, No. 07-25-00037-CR, 2025 WL 1749995, at *1 (Tex. App.—Amarillo June 24, 2025, no pet. h.) (mem. op., not designated for publication) ("Restitution is punitive in nature and must be included in the oral pronouncement of a sentence.").

We thus reform the judgment in count 1 to delete the imposition of $290 in court costs and $180 in restitution.

## Conclusion

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified. *See* TEX. R. APP. P. 43.2(b).[2]  Court-appointed counsel Chris M. Dillon must immediately send Orozco the notice required under Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court. *See id.* 6.5(c).

## PER CURIAM

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[2]  Appointed counsel still has a duty to inform Orozco of the result of this appeal and that he may, on his own, pursue discretionary review with the Texas Court of Criminal Appeals.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).